UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VENUS BOUVAT,

                Plaintiff,

                                        Case No. 23-cv-32-pp

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is married and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's husband has monthly income of $800 and the plaintiff receives food stamps of $281 per month. Id. at 2. The plaintiff lists $1541 in monthly expenses ($600 rent, $941

1

other household expenses). Id. The plaintiff does not own a car, her home, or any other property of value; she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I cannot afford to pay the filing fee. My only income is food stamps. My husband's income covers all of our expenses. Our expenses exceed our income. We do not own a vehicle, however, since we have one available to us, we cover the insurance. A friend assists paying the insurance. We are often late paying our bills and are needing to call to make payment arrangements." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner for lack of disability, that she is is disabled and that the conclusions and findings of fact of the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the

2

information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of January, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3